IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Alphonso Darden**,                    :                    Case No. 3:11 CV 566

      Petitioner,                    :

vs.                    :

**John Coleman, Warden,**                    :                    **MAGISTRATE'S REPORT AND**
                                                               **RECOMMENDATION**

      Respondent.                    :

## I. INTRODUCTION.

This case, filed pursuant to 28 U. S. C. § 2254, was automatically referred to the undersigned

Magistrate Judge for report and recommendation pursuant to72.2(b)(2) of the UNITED STATES

DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES.  Pending is Petitioner's Petition

for Writ of Habeas Corpus, Respondent's Return and Petitioner's Traverse (Docket Nos. 1, 8 & 9).

For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of

Habeas Corpus.

## II. PROCEDURAL BACKGROUND.

*A.*      *Indictment*.

During the January/June 2000 term, the jurors of the grand jury in Erie County, Ohio entered

the following indictment against Petitioner:

| COUNTS | OFFENSE | STATUTORY AUTHORITY |
|---|---|---|
| One & Two | Robbery | OHIO REV. CODE § 2911.02(A)(2) |
| Three | Receiving Stolen Property | OHIO REV. CODE § 2913.51(A) |
| Four | Intimidation of a Witness | OHIO REV. CODE § 2921.04(B) |
| Five, Nine & Eleven | Aggravated Robbery | OHIO REV. CODE § 2911.01(A)(1) |
| Six | Tampering with evidence | OHIO REV. CODE § 2921.12(A)(1) |
| Seven & Eight | Theft | OHIO REV. CODE § 2913.02(A)(1) |
| Ten | Felonious Assault | OHIO REV. CODE §§ 2903.11(A)(1) |
| Twelve | Aggravated Robbery | OHIO REV. CODE § 2911.01(A)(3) |

The grand jurors found and specified that Petitioner did cause or threaten to cause physical harm during the commission of crimes in Counts One, Two, Five, Nine, Eleven and Twelve.  Further, the grand jurors found and specified Petitioner had a firearm on or about his person or under his control while committing these offenses and displayed, brandished, indicated that he possessed the firearm or used it to facilitate the offenses in Counts Four, Five, Nine, Eleven and Twelve (Docket No. 8-1, pp. 1-6 of 296).

**B.**     ***The Verdict and Sentences.***

Petitioner's trial commenced on October 2, 2000.  On October 5, 2000, the jury returned a verdict of guilty on Courts Three, Six, Seven and Eleven.  On October 19, 2000, the court entered the following sentences:

| Count | Sentences |
|---|---|
| Three | A definite sentence for the term of eleven months |
| Six | A definite sentence for the term of four years |
| Seven | A definite sentence for the term of six months |
| Eleven | A definite sentence for the term of nine years and three years actual incarceration as to the firearm specification. |

2

The sentence imposed as to the firearm specification shall be served prior to and consecutively to the sentence imposed in Court Eleven.  Further, the sentences imposed in Counts Three, Six and Seven shall run concurrently with the sentences imposed in Count Eleven (Docket No. 8-1, pp. 7-10 of 296).

**C.**      ***Petition to Vacate or Set Aside Judgment and Sentence***.

On March 30, 2001, Petitioner filed a petition to vacate conviction and set aside sentence There was one assignment of error:

> Appointed appellate counsel provided ineffective assistance of by failing to file a timely notice of appeal, depriving Petitioner of his rights under the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

> (Docket No. 8-1, pp. 11-15 of 296).

The trial court vacated the sentence and on October 19, 2001, reimposed the sentences as follows:

| Count | Sentences |
| --- | --- |
| Three | A definite sentence for the term of eleven months |
| Six | A definite sentence for the terms of four years |
| Seven | A definite sentence for a term of six months. |
| Eleven | A definite sentence for a term of nine years and three years actual incarceration as to the firearm specification. |

The sentence imposed as to the firearm specification shall be served prior to and consecutively to the sentence imposed in count eleven.  Further the sentences imposed in counts three, six and seven shall run concurrent with the sentence imposed in Count Eleven (Docket No. 8-1, pp. 27-31 of 296).

**D.**      ***Direct Appeal***.

Petitioner filed a notice of appeal on November 7, 2001, in the Court of Appeals for Erie County (Docket No. 8-1, p. 32 of 296).  In the appellate brief, Petitioner asserted three assignments

3

of error:

    1.    Petitioner was denied due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and the Ohio Constitution when the prosecutor improperly inferred that his background as a felon and inmate at Lucasville (Correctional Institution) proved that Petitioner did not act in self defense.

    2    Petitioner's trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and the Ohio Constitution by failing to object to improper prior bad act's inferences drawn by the prosecution and by failing to request a curative jury instruction.

    3.    Petitioner received ineffective assistance of counsel when his attorney failed to object to the prejudicially vague and incorrect instructions on self defense.

(Docket No. 8-1, pp. 40-41 of 298).

On November 8, 2002, the court of appeals found:

    1.    Because Petitioner did not object to any of the complained instances of prosecutorial misconduct, the misconduct was reviewed for plain error.  The court found that the jury would have found Petitioner guilty absent the prosecutor's remarks.

    2.    Having found Petitioner's first assignment of error not well taken because there was no finding of prosecutorial misconduct, the court could not find that Petitioner's trial counsel was not ineffective in failing to object to the prosecutor's question about and references to Petitioner's prior incarceration.

    3.    The jury's instruction on self defense was not erroneous.  Thus, it follows that counsel's failure to request a curative instruction on self defense was rejected.

(Docket No. 8-1, pp. 223-240 of 296).

**E.**      ***Motions for Post Conviction Relief***.

    **a**.    On January 11, 2008, Petitioner filed a motion for judicial release pursuant to OHIO REV. CODE § 2929.20.  In this motion, Petitioner accepted his responsibility for crimes committed, expressed remorse for his actions and attached several certificates of completion for course work in parenting, self esteem and evangelism *inter alia* (Docket No. 8-1, pp. 241-245; 247-261 of 296).  On February 26, 2008, the trial judge denied Petitioner's motion for judicial release (Docket No. 8-1, p.

4

262 of 292). Petitioner filed a motion for reconsideration on March 20, 2008 (Docket No. 8-1, p. 263 of 296).

    **b**. Petitioner filed a motion for judicial release on September 5, 2008. He reiterated his growth and explained that he could obtain gainful employment and be a positive member of the community (Docket No. 8-1, pp. 272-276 of 296). This request was accompanied by a letter of support by several prison administrators (Docket No. 8-1, pp. 277-280 of 296). On October 14, 2008, the court denied the motion for judicial release (Docket No. 8-1, p. 284 of 296).

    **c**. On April 1, 2009, Petitioner filed a petition for post conviction relief (Docket No. 8-1, pp. 285-293 of 296). On April 29, 2009, the trial court denied the motion as not well taken (Docket No. 8-2, pp. 43-44 of 313). Petitioner filed a notice of appeal in the sixth appellate district court (Docket No. 8-2, pp. 45-46 of 313). Petitioner asserted three assignments of error:

    1.    The trial court committed error by dismissing the petition for post-conviction relief and finding that the petition was untimely and thus barred by res judicata.

    2.    Trial and appellate counsel provided ineffective assistance of counsel by failing to object to a void indictment.

    3.    Trial and appellate counsel provided ineffective assistance of counsel by failing to object to physical harm specification that omitted mens rea.

(Docket No. 8-2, pp. 47-48 of 313).

    On January 9, 2010, the appellate court affirmed the trial court's judgment (Docket No. 82, pp. 145-150 of 313).

    **d**. On February 11, 2010, Petitioner filed a motion for discretionary appeal (Docket No. 8-2, p. 151 of 313). Because the appellate court lacked jurisdiction to review the merits of Petitioner's motion, the motion for discretionary appeal was denied on April 5, 2010 (Docket No. 8-2, pp. 194-196 of 313). The appellate court denied the motion for reconsideration of the April 4, 2010 denial of the

5

request for leave to file a discretionary appeal on May 13, 2010 (Docket No. 8-2, pp. 211-212 of 313).

The appellate court denied the second motion for reconsideration on June 2, 2010 (Docket No. 8-2,

pp. 218-219 of 313).  Petitioner filed a notice of appeal in the Supreme Court of Ohio.  The sole

proposition of law was:

> Whether the court of common pleas abused its discretion when it sentenced Petitioner to an
> additional three years incarceration without considering the jury's finding or its written verdict
> form.
>
> (Docket No. 8-2, pp. 220-223 of 313).

On September 29, 2010, Chief Justice Eric Brown declined jurisdiction to hear the case and

dismissed the appeal as not involving any substantial constitutional question (Docket No. 8-2, p. 251

of 313).

      **e**.      On January 3, 2011, Petitioner filed a motion to vacate the sentence in the Erie County

Court of Common Pleas.  Petitioner requested that the court vacate the judgment of sentence that was

entered on October 20, 2000, and that the court schedule a resentencing hearing.  Respondent

concurred that Petitioner was entitled to be brought before the court for imposition of post-release

control but he was not entitled to a *de novo* resentencing hearing under *State v. Fischer*, 2010 Ohio

6238 (December 23, 2010).  The court's decision regarding this issue was not included in the Return

(Docket No. 8-2, pp. 252-254; 255-284 of 313).

### III. PETITION FOR WRIT OF HABEAS CORPUS IN CUSTODY STANDARD.

A district court shall only direct a writ of habeas corpus of a person in custody pursuant to a

judgment of state law if he or she is in custody in violation of the Constitution or laws or treaties of

the United State. *Watson v. Ohio,* 2010 WL 2730929, *2 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2243;

*see Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1129 (1973) ("The writ of

habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in

what is alleged to be unlawful custody.").  Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian.  *Id*. at 1129.  For prisoners, the warden of the facility in which they are held is the proper custodian.  *Id.* (*see Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).

Petitioner is incarcerated at the Allen Correctional Institution in Lima, Ohio.  He is in custody within the meaning of 28 U. S. C. § 2254.

Respondent is Petitioner's custodian.  In the capacity of warden, Respondent accepted service of process and filed a Return.  Accordingly, this Court has personal jurisdiction over Respondent.

Petitioner alleges that the term of his enhanced sentence is the result of a violation of the Fourteenth Amendment of the United States Constitution.

Since Petitioner is in custody pursuant to a state law judgment, the Court has jurisdiction over the person who holds Petitioner in what he contends is unlawful custody and Petition has alleged violations of the United States Constitution, this Court has jurisdiction to issue a writ of habeas corpus.

## IV.  HABEAS CORPUS STANDARD OF REVIEW.

Federal courts may not grant habeas relief on any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that:  (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  *Goodell v. Williams,* 643 F.3d 490, 495 (6th Cir. 2011) (*citing* 28 U.S.C. § 2254(d)).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the

state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1523 (2000)).

Under the "unreasonable application" clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case. *Id.* Yet, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (*citing Williams*, 120 S. Ct. at 1522). Rather, to warrant habeas relief, the application must be found to be "objectively unreasonable." *Id.* (*citing Williams*, 120 S. Ct. at 1521). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings.' " *Id.* at 495-496 (*citing Renico v. Lett,* 130 S. Ct. 1855, 1862 (2010) (*quoting Lindh v. Murphy*, 117 S. Ct. 2059, 2067 (1997)).

In determining whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may look only to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision. *Id.* (*citing Lockyer v. Andrade,* 123 S. Ct. 1166, 1172 (2003); *Williams, supra*, 120 S. Ct. at 1523). The "clearly established federal law" is "the governing legal principle or principles set forth by the Supreme Court." *Id.* (*citing Lockye*r, 123 S. Ct. at 1172). "[T]he 'lack of an explicit statement' of a particular rule by the Supreme Court 'is not determinative' of clearly established law, since 'the Court has made clear that its relevant precedents include not only bright-line rules but also the legal principles and standards flowing from precedent.' " *Id.* (*citing Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005) (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002) *cert. denied,* 123 S. Ct. 490 (2002)).

**V. ANALYSIS**

Respondent argues that Petitioner's request of habeas review is time barred as he failed to file a Petition consistent with the requirements of 28 U. S. C. § 2244(d).  Petitioner offers nothing by way of explanation that would excuse the failure to timely file the petition or toll the time to file.  The Magistrate recommends that this Court dismiss the Petition for Writ of Habeas Corpus as it is untimely filed.

The Antiterrorism and Effective Death Penalty Act (AEDPA) states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  *Robertson v. Simpson,* 624 F.3d 781, 782 (6th Cir. 2010) (*citing* 28 U.S.C. § 2244(d)(1) (2006)).  The limitation period begins to run from the latest of four triggering dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U. S. C. § 2244(d) (Thomson Reuters 2012).

A petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *Armacost v. Warden, Lebanon Correctional Institution*, 2012 WL 253364, *4 (S. D. Ohio 2012) (*see* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010); *Allen v. Siebert*, 128 S. Ct. 2 (2007) (per curiam); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only

serve to pause a clock that has not yet fully run." *Id.* (*citing Vroman*, 346 F.3d at 602) (*quoting Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998)).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.*

An application for post-conviction or other collateral review is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery.  *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001) (*citing Artuz v. Bennett*, 121 S. Ct. 361, 363-365 (2000); *see also Austin v. Mitchell*, 200 F.3d 391, 395 n. 2 (6th Cir. 1999) ("properly filed" implies timeliness)).

Considering the triggers in 28 U. S. C. § 2244(d), Petitioner has not presented evidence emphasizing that the statute of limitations commenced from the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States was removed; or the date on which a newly recognized right by the Supreme Court was made retroactively applicable to cases on collateral review; or a date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  The focal event that triggered the running of the statute of limitations was the date on which the judgment became final by the conclusion of direct review.

Petitioner was resentenced on October 19, 2001.  He filed a notice of appeal on November 7, 2001.  The court of appeals rendered its final judgment on November 8, 2002.  Pursuant to S. Cᴛ. Pʀᴀᴄ. R. 2.2, the 45 days within which Petitioner could perfect an appeal in the Supreme Court of Ohio expired on December 23, 2002.  Consequently, the judgment of the appellate court affirming the sentence became final on December 23, 2002.  The statute of limitations expired on December 23, 2003.  Principles of equitable or statutory tolling cannot be applied here as the state collateral review

10

proceedings such as the motions for post-conviction relief were all filed after the expiration of the statute of limitations.  Thus, the Magistrate concludes that Petitioner's Petition for Writ of Habeas Corpus is time barred and it must be summarily dismissed.

### V. CONCLUSION.

The Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus, dismiss the case and terminate the referral to the undersigned Magistrate.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:   April 3, 2012

### VII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and

recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.