UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
ALPHONSO DARDEN,                          :        CASE NO. 3:11-CV-0566
                                          :
            Petitioner,                   :
                                          :
vs.                                       :        ORDER & OPINION
                                          :        [Resolving Docs. No. 1, 11, 16.]
JOHN COLEMAN, Warden,                     :
                                          :
            Respondent.                   :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Alphonso Darden petitions for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  Darden

seeks relief from Ohio convictions for receiving stolen property, tampering with evidence, theft, and

aggravated robbery with firearm and physical harm specifications.[2]  Respondent, Warden John

Coleman, opposes the petition and says that it is time-barred.[3]  On April 3, 2012, Magistrate Judge

Vernelis K. Armstrong filed a Report and Recommendation that recommended the Court deny

Darden's petition because Darden filed the petition outside the statute of limitations.[4]  Darden

objects to the Magistrate Judge's Report and Recommendation because he says that tolling applies.[5]

_____

        [1][Doc. 1.]

        [2][Doc. 1.]

        [3][Doc. 8.]

        [4][Doc. 11.]

        [5][Doc. 16.]

Case No. 3:11-CV-0566
Gwin, J.

For the reasons described below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Darden's petition for a writ of habeas corpus.

**I.**

The Ohio Court of Appeals summarized the case:

> On June 8, 2000, appellant was indicted on twelve counts: two counts of robbery in violation of R.C. 2911.02(A)(2); one count of receiving stolen property in violation of R.C. 2913.51; one count of tampering with evidence in violation of R.C. 2921.12(A); two counts of theft in violation of R.C. 2913.02(A)(1); one count of intimidating a crime victim in violation of R.C. 2921.04(B); four counts of aggravated robbery in violation of R.C. 2911.01(A)(1); and one count of felonious assault in violation of R.C. 2903.11(A)(1). Each of the last six counts contained a firearm specification. Each of the last five counts and the first two counts contained a specification that appellant did cause or threatened to cause physical harm during the commission of the offense.

> {¶ 3} Appellant entered pleas of not guilty on June 21, 2000. Appellant's trial commenced on October 2, 2000. On October 5, 2000, the jury found appellant guilty of one count of receiving stolen property; one count of tampering with evidence; one count of theft; one count of aggravated robbery with a firearm specification and a specification that appellant did cause physical harm during the commission of the offense. Appellant was found not guilty of the other charges.

{¶ 4} Appellant's sentencing hearing was held on October 19, 2000. Appellant was sentenced to eleven months on the receiving stolen property count, to four years on the tampering with evidence count, to six months on the theft count, all to be served concurrently to a term of nine years on the aggravated robbery count. Appellant was also sentenced to three years on the firearm specification charge to be served consecutively and prior to the sentences imposed on the other counts. At sentencing, appellate counsel was appointed by the court. However, that attorney did not file a notice of appeal and another attorney agreed to file the appeal. The second attorney then lost his license to practice and an appeal was never filed. No motions to withdraw were ever filed.

{¶ 5} On March 30, 2001, appellant filed a petition to vacate and set aside sentence pursuant to R.C. 2953.21, arguing that appointed appellate counsel provided ineffective assistance by failing to file a timely notice of appeal. The state filed a motion to dismiss appellant's petition and appellant filed an answer to the state's motion to dismiss. On October 19, 2001, the trial court entered a judgment entry granting appellant's motion to vacate his sentence and re-imposed appellant's sentence. On

Case No. 3:11-CV-0566
Gwin, J.

November 7, 2001, appellant filed a timely notice of appeal.[6/]

On November 8, 2002, the Ohio Court of Appeals affirmed Darden's conviction and sentence.[7/]  On April 1, 2009, Darden filed a petition for state post-conviction relief.[8/]  The Court of Common Pleas dismissed the petition as beyond the statute of limitations, and on January 8, 2010, the Ohio Court of Appeals affirmed the dismissal.[9/]  The Ohio Supreme Court declined to hear Darden's petition on September 29, 2010.[10/]

On January 3, 2011, Darden filed a "Motion to Vacate Judgment of Sentence and for Scheduling of a Re-Sentencing Hearing Pursuant to Ohio Revised Code § 2929.191" in the Court of Common Pleas.  With that filing, Darden argued that he received insufficient notice of the term of post-release control to which he would be subject following his incarceration.  He said that this defect required a "de novo resentencing hearing."  On February 4, 2011, the state filed a response acknowledging that Darden is "entitled to be brought before [the] Court for imposition of postrelease control but is not entitled to a *de novo* re-sentencing hearing."  No decision was ever rendered on these motions, and no subsequent filings appear on Darden's state-court docket.

On March 18, 2011, Darden filed this habeas petition.[11/]  With his petition, Darden says that the jury failed to find him guilty of the firearm specification, and, thus, the corresponding three-year

---

[6/] State v. Darden, 2002-Ohio-6184 (Ohio Ct. App. Nov. 8, 2002).

[7/] *Id*.

[8/] *State v. Darden*, 2010-Ohio-26 (Ohio Ct. App. Jan. 8, 2010).

[9/] *Id*.

[10/] *State v. Darden*, 934 N.E.2d 357 (Ohio 2010).

[11/] [Doc. 1.]

Case No. 3:11-CV-0566
Gwin, J.

penalty enhancement was unlawful.[12]  He says that his habeas petition is timely because the issue he raises only became ripe for review when the Ohio Supreme Court declined jurisdiction on September 29, 2010.[13]  In response to Darden's habeas petition, the warden says that 28 U.S.C. § 2244(d) imposes a one-year statue of limitations on 28 U.S.C. § 2254 petitions, that no tolling applies to Darden's petition, and that it is untimely.[14]  The Warden also says that Darden failed to exhaust state remedies as to this claim and that the petition should also lose on the merits.[15]

Pursuant to Local Rule 72.2, this Court referred this case to Magistrate Judge Vernelis K. Armstrong for a Report and Recommendation.[16]  On April 3, 2012, Magistrate Judge Armstrong filed a Report and Recommendation that recommends that the statute of limitations bars this Court from adjudicating the merits of Darden's petition.[17]  Darden objects and says that on February 4, 2011, the Warden "conceded[d] to motion to vacate judgment of sentence," rendering his petition timely.[18]

## II.

## A.  Federal Magistrates Act

---

[12]/[Doc. 1 at 6.]

[13]/[Doc. 1 at 14.]

[14]/[Doc. 8 at 7-10.]

[15]/[Doc. 8 at 10-15.]

[16]/[Doc. 3.]

[17]/[Doc. 11.]

[18]/[Doc. 16 at 3.]

Case No. 3:11-CV-0566
Gwin, J.

The Federal Magistrates Act requires a district court to conduct a de novo review only of

those portions of a Report and Recommendation to which the parties have made an objection.[19]

## B.  The Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[20] governs a federal

court's review of a state prisoner's habeas corpus petition.  AEDPA limits federal review to only

those claims in which a petitioner contends that he is in custody in violation of the Constitution,

laws, or treaties of the United States.[21]  And a federal court cannot grant a habeas petition for any

claim that the state court adjudicated on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established federal law, as determined by the Supreme Court
> of the United States; or
> (2) resulted in a decision that was based upon an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.[22]

To justify any grant of habeas relief, "a federal court must find a violation of law 'clearly

established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant

state court decision."[23]  Furthermore,

> under the "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
> question of law or if the state court decides a case differently than this Court has on
> a set of materially indistinguishable facts.  Under the "unreasonable application"
> clause, a federal habeas court may grant the writ if the state court identifies the

---

[19]/28 U.S.C. § 636(b)(1).

[20]/Pub. L. No. 104-132, 110 Stat. 1214 (1996); codified at 28 U.S.C. § 2254.

[21]/28 U.S.C. § 2254(a).

[22]/28 U.S.C. § 2254(d).  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

[23]/*Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

-5-

Case No. 3:11-CV-0566
Gwin, J.

> correct governing legal principle from [the Supreme] Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.[24]

The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly

applied federal law, the court still should not grant relief unless it also finds that the state court ruling

was unreasonable.[25]

United States Code, Title 28, Section 2244(d) imposes a presumptive one-year statute of

limitations on 28 U.S.C. § 2254 claims:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion
>> of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created
>> by State action in violation of the Constitution or laws of the United
>> States is removed, if the applicant was prevented from filing by such
>> State action;
>> (C) the date on which the constitutional right asserted was initially
>> recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable
>> to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

"When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

purposes of § 2244(d)(2)"; it is not "properly filed."[26]

---

[24] *Williams*, 529 U.S. at 412-13.

[25] *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

[26] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (further citation omitted).

Case No. 3:11-CV-0566
Gwin, J.

**III.**

AEDPA's statute of limitations bars Darden's petition.  First, under § 2244(d)(1)(A), Darden's conviction became final on December 23, 2002, at the conclusion of the forty-five day period to appeal the Ohio Court of Appeals' November 8, 2002, decision.[27/]  Darden does not cite a newly recognized constitutional right, and he does not claim any newly-discovered factual predicate supports his claim.  Instead, Darden seems to say that on February 4, 2011, the Warden "concede[d] to motion to vacate judgment of sentence," rendering his petition timely or that the Ohio Supreme Court's 2010 decision declining to hear his post-conviction petition makes this petition timely.  Neither is availing.

First, the Court does not know to what Darden refers when he says that on February 4, 2011, the Warden "concede[d] to motion to vacate judgment of sentence."  This petition was filed on this Court's docket on March 18, 2011.  Darden filed no documentation supporting this purported concession, nor does he explain how it would constitute an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States."  Furthermore, having considered the state's February 4, 2011 filing, it does not speak to "the Constitution or laws of the United States," but only to Ohio law.  Accordingly, Darden cannot proceed under § 2244(d)(1)(B).  While some judgment rendered on Darden's motion might, after exhaustion, raise some federal constitutional issue or create a judgment on which would fall within § 2244(d)(1)(A)'s statute of limitations, as it stands, the only judgment in Darden's case was that of November 8, 2002. Darden cannot circumvent AEDPA's statute of limitations based on these filings.

---

[27/]*See* 28 U.S.C. § 2244(d)(1)(A); Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).

-7-

Case No. 3:11-CV-0566
Gwin, J.

Second Darden's reliance on his motion for post-conviction relief to somehow reset the clock is also misplaced. Section 2244(d)(2) tolls § 2244(d)(1) only "*during*" the pendency of a "*properly filed* application for State post-conviction or other collateral review." First, Ohio's courts have determined that Darden's petition untimely,[28] and thus it was not "properly filed" within the meaning of § 2244(d)(2).[29] Second, even if the petition had been properly filed, Darden cannot succeed based on tolling of § 2244's statute of limitations *during* the pendency of his postconviction petition, as this would only turn back the clock to the date on which he filed his petition for collateral review, April 1, 2009. Instead he seeks to revive the statute of limitations that had already run when he filed the collateral petition. The statute authorizes no such construction.[30] For both of these reasons, Darden's reliance on § 2244(d)(2) is misplaced.

With no applicable exception, § 2244's statute of limitations bars this court from entertaining the merits of Darden's claim.

**IV.**

For these reasons, this Court **ADOPTS** the Report and Recommendation of Magistrate Judge Armstrong and **DENIES** Petitioner Dolman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[28]/*See Darden*, 2010-Ohio-26 at *1-2.

[29]/*See Pace*, 544 U.S. at 414.

[30]/*See id.* at 413 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.").

-8-

Case No. 3:11-CV-0566
Gwin, J.

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)

IT IS SO ORDERED.

Dated: June 5, 2013                                   s/          *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE